ANTONIO VIVALDI PACHECO, demandante y apelado, *v.* MARIANO ANTONIO, JOAQUINA GERTRUDIS y JUAN EVANGELISTA ROSAURO QUIJANO, demandados y apelantes.

No. 5452.—*Sometido:* Mayo 1, 1931. *Resuelto:* Julio 15, 1932.

*E. Báez García,* abogado de los apelantes; *P. Fajardo Martínez,* abogado del apelado.

Ꭼʟ Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Antonio Vivaldi Pacheco compró por escritura pública de 1925 a los hermanos Mariano Antonio, Joaquina Gertrudis y Juan Evangelista Rosauro, todos de apellido Quijano, los condominios indivisos que por tres cuartas partes tenían en una casa con solar en el barrio Candelaria de Mayagüez por precio de $500 para cada uno, que los vendedores confesaron haber recibido antes de dicho acto, en cuya casa tenía Norberta Castillo un usufructo como viuda de Ramón T. Quijano. El mismo día de esa escritura se otorgó un documento privado en el que Vivaldi reconoció no haber entregado el precio de esa compra; que el precio de ella es de $625 para cada uno de los tres condueños; que esa cantidad la entregaría cuando se arreglara la cuestión del usufructo de Norberta Castillo y la titulación de la finca; que se comprometía a adelantar el dinero necesario para la titulación e inscripción en el registro de la propiedad; y que si el asunto llegaba a feliz término entregaría el precio descontando las cantidades que hubiera adelantado y que en caso contrario estaba dispuesto a devolver los condominios a los vendedores previo el abono del dinero que les hubiera entregado. Cerca de cuatro años después Vivaldi demandó a los expresados tres hermanos alegando los hechos referidos y que había entregado a sus vendedores la cantidad de $552 integrada por las diversas partidas que especificó, una de las cuales es de $250 entregados a Joaquina Gertrudis el 12 de diciembre de 1925; y solicitó de la corte que los condenase a cumplir su contrato de venta o en su defecto a pagarle los $552 que les había entregado con sus intereses legales y las costas. En vista de esa demanda los demandados presentaron en la corte una proposición de transacción por la que estaban dispuestos a

pagar la cantidad de $401 y no habiendo sido aceptada por el demandante continuó el pleito su curso en vista de esa diferencia de $151.

Los demandados contestaron aceptando todos los hechos substanciales de la demanda, negando algunas de las entregas de dinero alegadas, que dejaban un balance en su contra de $401, y alegando como defensa que desde que el demandante pagó en 12 de diciembre de 1925 a la condueña y demandada Joaquina Gertrudis la cantidad de $250 de su condominio recibió las rentas de ese condominio consistentes en $8 mensuales de los alquileres que la casa produce, los que debe devolver.

En el juicio se probó que el demandante había estado recibiendo las rentas de ese condominio, aunque según él se le debían algunas, y los demandados probaron con los recibos que presentaron de Vivaldi que éste ha recibido por ese concepto la cantidad de $118.57.

La corte de distrito estimó que la prueba no era suficiente para condenar a los demandados al cumplimiento de su contrato de venta pero sí para la rescisión de él, encontrando probadas las partidas de dinero reclamadas por el demandante excepto una de $50 por honorarios de abogado para una declaratoria de herederos de la que sólo había entregado Vivaldi $10 por lo que rebajó la diferencia de $40 de los $552 reclamados y condenó a los demandados a pagar al demandante la cantidad de $512, intereses legales y costas, contra cuya sentencia interpusieron los demandados este recurso de apelación.

Nada alegan los apelantes contra las partidas de dinero que integran la condena de pagar $512 pues su recurso se funda en otros motivos.

El primero de los aducidos es que la corte sentenciadora cometió error al no resolver que los demandados tenían derecho a recobrar del demandante las sumas de dinero que recibió por alquileres de la casa que pertenecía a los demandados.

Al tratar el Código Civil de la rescisión de los contratos declara en su artículo 1262 que la rescisión obliga a la devolución de las cosas que fueron objeto del contrato con sus frutos y del precio con sus intereses. Como consecuencia de ese precepto de nuestra ley y de la rescisión decretada en este caso los demandados deben devolver al demandante los $512 que de él recibieron en consideración a la venta rescindida con sus intereses legales, en cuya suma están incluídos los $250 que Joaquina Gertrudis Quijano recibió como condueña de uno de los condominios vendidos, y el demandante debe devolver dichos condominios a los demandados con los frutos producidos, que son los alquileres de la casa correspondientes a uno de esos condominios, probados en cantidad de $118.57. No lo dispuso así la corte sentenciadora y en esto cometió el error alegado en primer término.

El segundo motivo de error está relacionado con el primero pues se refiere a no haber tomado en consideración la corte inferior los recibos firmados y aceptados por el demandante creditivos de haber percibido alquileres de la casa. No tenemos que tratarlo especialmente porque antes hemos declarado que el demandante recibió cantidades por alquileres correspondientes a uno de los condominios y el montante probado de ellos.

Se alega por los apelantes en su tercer motivo que fué error de la corte no dictar sentencia por la cantidad de $401 o por cualquiera otra menor y haberla dictado por una suma mayor.

La sentencia fué propiamente dictada condenando al pago de los $512 por ser la cantidad realmente debida por los demandados y que deben devolver al demandante; y el único defecto de ella es no haber declarado que se probaron $118.57 recibidos por el demandante como frutos, que debe devolver con los condominios que le fueron vendidos. No es que la condena debió ser por $393.43, que es la diferencia entre los $512 entregados y los $118.57 que el demandante recibió como frutos, como dicen los apelantes, aunque de

hecho así resultará al hacerse la devolución de la cosa con sus frutos y del dinero recibido con sus intereses. No creemos que la condena debió ser inferior a $512.

El cuarto motivo de error se funda en haber sido condenados los demandados a pagar intereses legales por las partidas de dinero que el demandante entregó a los demandados. Es claramente insostenible, pues habiendo sido hechas esas entregas a cuenta del precio de los condominios, al rescindirse el contrato entre las partes deben los demandados devolver la parte del precio recibida con sus intereses legales por disponerlo así el artículo 1262 citado antes.

El último error alegado es por la condena de pagar las costas.

No creemos que haya error en la condena de costas pues aunque los demandados ofrecieron pagar $401 negando la certeza de varias partidas de la suma reclamada, sin embargo, se probó que debían al demandante $512: porque aunque en la demanda se pedía el cumplimiento del contrato de venta, también se solicitó que si esto no podía ser se ordenase la devolución del dinero entregado con sus intereses legales, lo que equivale a la rescisión del contrato, bajo cuyo aspecto fué celebrado el juicio y dictada la sentencia; y porque negando deber intereses legales de esa cantidad por precepto expreso de la ley tienen que pagar tales intereses como consecuencia de la rescisión.

*Por lo expuesto la sentencia apelada debe ser modificada en el sentido de declarar que el demandante ha recibido $118.57 como frutos del condominio de Joaquina Gertrudis Quijano y que al recibir el demandante la cantidad de $512 y sus intereses legales debe traspasar los condominios a los demandados con la cantidad que por frutos ha recibido; y así modificada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.